1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MILLER NORMAN,                          No. CIV S-10-1344-KJM-CMK-P

12            Plaintiff,

13      vs.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14   WALKER, et al.,

15            Defendants.

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is defendant's unopposed motion to dismiss (Doc.

19   18).

20          **Background**

21          Plaintiff's original complaint named four defendants:  J. Walker, Chief Medical

22   Officer; Dr. K. Win, physician; B. McPherson, Nurse Practitioner; and G. Swarthout, Warden.

23   His original complaint was dismissed for failure to allege facts sufficient to state a claim against

24   any of these individuals.  Plaintiff was provided with an opportunity to file an amended

25   complaint to cure the defects identified by the court.  In his amended complaint, plaintiff

26   eliminated all of the defendants except Walker, whom he identified as the chief medical officer at

1

1 Solano State Prison.  He alleges Dr. Walker has violated his Eighth Amendment rights by

2 ignoring his medical needs and failing to provide him the diabetic diet he medically requires.  All

3 other defendants have been dismissed from this action.  Plaintiff attaches two of the inmate

4 grievance responses to his amended complaint; another inmate grievance response is attached to

5 his original complaint, which the defendant requests the court take judicial notice of.[1]

6                                    **Motion to Dismiss**

7                   Defendant Walker brings this motion to dismiss, pursuant to Federal Rule of Civil

8 Procedure 12(b)(6), for failure to allege facts sufficient to support his claim for violation of the

9 Eighth Amendment.

10                  In considering a motion to dismiss, the court must accept all allegations of

11 material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

12 court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

13 v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

14 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

15 ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

16 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

17 factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

18 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

19 lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

20                  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

21 the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

22 and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

23 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

24

25          [1]       The document defendant requests the court take judicial notice of is attached to
plaintiff's original complaint.  As the document is part the record in this case, no judicial notice
26 is necessary.

failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Defendant Walker contends that no claim against her could exist because she was not involved in plaintiff's medical care, but only in responding to plaintiff's inmate grievance appeal at the director's level of review. Despite what plaintiff alludes to in his complaint, identifying defendant Walker as the Chief Medical Officer at Solano State Prison, she states her actual position is Chief of the California Prison Health Care Services. This contention is supported by the Director's Level Decision plaintiff attached to his original complaint, and is not

3

contested by plaintiff.  Thus, it is apparent that defendant Walker was not actually involved in plaintiff's medical treatment.  Rather, her only connection to plaintiff is her review of plaintiff's inmate grievance.  Thus, there are two problems with plaintiff's claims, which are addressed more fully below.  First, as defendant Walker was not involved in plaintiff's medical care, she could not have been deliberately indifferent to his medical needs.  Reviewing another medical provider's decision of whether treatment was necessary or sufficient is an insufficient ground for claiming violation of the Eighth Amendment.  In addition, defendant Walker's involvement in the review of plaintiff's inmate appeal is an insufficient independent ground for an alleged constitutional violation as prisoners have no constitutional right to an adequate prison administrative appeal or grievance system.

Eighth Amendment

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

/ / /

4

1      Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

2 injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

3 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

4 health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

5 sufficiently serious if the failure to treat a prisoner's condition could result in further significant

6 injury or the "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050,

7 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

8 Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

9 is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

10 activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

11 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

12      The requirement of deliberate indifference is less stringent in medical needs cases

13 than in other Eighth Amendment contexts because the responsibility to provide inmates with

14 medical care does not generally conflict with competing penological concerns.  See McGuckin,

15 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

16 decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

17 1989).  The complete denial of medical attention may constitute deliberate indifference.  See

18 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

19 treatment, or interference with medical treatment, may also constitute deliberate indifference.

20 See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also

21 demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

22      Negligence in diagnosing or treating a medical condition does not, however, give

23 rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  A difference of

24 opinion between the prisoner and medical providers concerning the appropriate course of

25 treatment also does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90

26 F.3d 330, 332 (9th Cir. 1996).

1    Moreover, vicarious liability is not applicable in a § 1983 action.  Thus, "a

2    plaintiff must plead that each Government-official defendant, through the official's own

3    individual actions, has violated the constitution."  Iqbal, 129 S. Ct. at 1948.  A claim based on

4    the knowledge and acquiescence of another's action is insufficient to state a claim.

5    Here, Plaintiff alleges he is in need of a special diabetic diet, or transfer to a

6    facility which offers such a special diet.  He was informed through the inmate grievance process

7    that his current place of incarceration does not offer a special diabetic diet, and that the California

8    Department of Corrections and Rehabilitation does not authorize transfers to another institution

9    on the basis of diabetic diet.  Other than his alleged dietary requirements, he does not claim the

10   treatment of his diabetes is insufficient or being ignored.  It appears from the inmate grievance

11   review decisions that his diabetes is being followed and he is being provided the necessary

12   insulin and blood testing in order to keep his blood sugar levels under control.  Thus, he does not

13   and cannot claim his medical condition is being ignored.  Even if he was claiming his medical

14   condition is not being treated, it is clear that defendant Walker is not the medical provider for

15   plaintiff.  Her review of plaintiff's inmate grievance cannot form the basis of his denial of

16   medical care claim, as she is not the medical provider making those decisions.  Plaintiff fails to

17   plead facts demonstrating defendant Walker denied, delayed, or intentionally interfered with his

18   medical treatment, or was personally deliberately indifferent to his medical needs.

19   Grievance Process

20   There is no constitutional right to an adequate prison administrative appeal or

21   grievance system.  See Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (accepting that Nebraska

22   did not provide administrative review of disciplinary decisions).  Thus, prisoners have no stand-

23   alone due process rights related to the administrative grievance process.  See Mann v. Adams,

24   855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)

25   (holding that there is no liberty interest entitling inmates to a specific grievance process).

26   Because there is no right to any particular grievance process, it is impossible for due process to

have been violated by ignoring or failing to properly process grievances.   Numerous district courts in this circuit have reached the same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

To the extent plaintiff may be claiming that defendant Walker is liable for failing to properly address his grievance, such allegations cannot form the basis for a § 1983 action. While plaintiff may have a constitutional right to access established prison grievance procedures, that right protects his ability to file the grievance, but does not protect him as to how prison officials process and/or decide the grievance.  As defendant Walker's only involvement with plaintiff was reviewing his inmate grievance, plaintiff has not alleged sufficient facts to support a § 1983 action against her.

**Conclusion**

Based on the foregoing, the undersigned finds plaintiff's complaint fails to state a claim against defendant Walker for violation of his Eighth Amendment rights.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's unopposed motion to dismiss (Doc. 18) be granted, and this action be dismissed for failure to state a claim.

/ / /

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court.  Responses to objections shall be filed within 14 days after service of

5  objections.  Failure to file objections within the specified time may waive the right to appeal.

6  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8   DATED:  December 9, 2011

9

10                                              CRAIG M. KELLISON
                                               UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26